# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CHARLESWORTH RAE,

    Plaintiff,

v.

CHILDREN'S NATIONAL MEDICAL
CENTER, et al.,
    Defendants.

Civil Action No. 15-736
(KBJ/DAR)

## MEMORANDUM OPINION AND ORDER

Plaintiff Charlesworth Rae commenced this action on May 15, 2015, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, 42 U.S.C. § 1981 and the D.C. Human Rights Act, D.C. Code § 2-1401.01, et seq. ("DCHRA") against Defendants Children's National Medical Center and seven of its employees. *See* Complaint (ECF No. 1). Defendants moved to dismiss the complaint on May 10, 2015. *See* Defendants' Motion to Dismiss (ECF No. 3); Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 5). Plaintiff moved for a preliminary injunction on August 20, 2015. *See* Motion for Preliminary Injunction (ECF No. 9). For the reasons set forth on the record during the March 24, 2016 status hearing, the assigned District Judge granted Defendants' motion in part, dismissing Counts I, IV, VI, and VII of Plaintiff's original complaint, and denied Defendants' motion with respect to Counts II, III, and V.[1] Plaintiff's motion for preliminary injunction was also denied. The court granted Plaintiff's oral motion to file an amended complaint.

---

[1] Additionally, the court dismissed all claims brought under Counts II and III alleging violations of (1) the Age Discrimination in Employment Act; (2) Title VII of the Civil Rights Act of 1964 that arose from events that

Plaintiff filed his amended complaint on May 24, 2015. *See* First Amended Complaint (ECF No. 22). A scheduling conference was subsequently held, and the court set January 27, 2016, as the date for the completion of discovery. *See* Minute Entry 9/6/2016.[2] A post-discovery status hearing was conducted on February 9, 2017. During the hearing, counsel for the Plaintiff concurred with defense counsel's representation to the court that discovery was complete, but for a few outstanding supplementations. *See* Transcript (ECF No. 31) at 3:7-9 (COURT: "Mr. Colvin, is it your understanding that discovery is complete at this point? MR. COLVIN: That is correct, Your Honor."). The following month, Plaintiff moved for "the substitution of himself as pro se Plaintiff . . . in place of [Mr. Colvin][.]" *See* Motion to Substitute Counsel (ECF No. 31).

This action was subsequently referred to the undersigned United States Magistrate Judge for full case management. *See* Minute Order and Entry 3/15/17. Plaintiff's Motion to Reopen Discovery ("Plaintiff's Motion"), filed on March 21, 2017, is pending for determination by the undersigned. Upon consideration of the motion, Defendants' Memorandum in Opposition to Plaintiff's Motion to Reopen ("Defendants' Opposition") (ECF No. 35), and Plaintiff's Reply to Defendants' Opposition (ECF No. 39), the motion will be granted, in part.

**CONTENTIONS OF THE PARTIES**

Plaintiff contends that he has satisfied the requisite "good cause" standard, justifying an extension of the discovery period to allow him to depose five of the individual Defendants, three

---

occurred prior to March 21, 2014, and (3) the D.C. Human Rights Act that arose from events that occurred prior to February 12, 2014.

[2] On September 22, 2016, counsel of record entered her appearance for Defendants. Notice of Appearance (ECF No. 28). Thereafter, on November 8, 2016, Torrance Colvin entered his appearance for Plaintiff, approximately two months after the start of discovery. Notice of Appearance (ECF No. 30).

employees of Children's National Medical Center ("CNMC") and a 30(b)(6) corporate witness.[3] Plaintiff's Motion at 1. Additionally, Plaintiff submits that "there are a number of other outstanding discovery issues that Defendants have not so far satisfied," including Defendants' failure to respond to Plaintiff's request for admissions, and to produce a privilege log with respect to documents withheld from production on privilege grounds. Plaintiff's Motion at 2-3. In opposition, Defendants assert that Plaintiff did not notice any depositions during the period allotted for discovery, despite his knowledge of the discovery deadline as a signatory to the proposed schedule included in the parties' meet and confer statement. *See* Meet and Confer (ECF No. 27). Defendants challenge Plaintiff's assertion that his counsel failed to keep him apprised of the discovery proceedings, and state that "[a]s Plaintiff selected his former counsel, he must live with the positives and consequences of the choices he made." Defendants' Opposition at 4. Defendants submit that Plaintiff never served interrogatories; Plaintiff "long since . . . abandoned" his requests for admissions, and took no action prior to the close of discovery to preserve any discovery disputes. *Id.* at 2. On these bases, Defendants contend that Plaintiff has failed to demonstrate good cause to justify reopening the discovery proceedings. Further, Defendants contend that they would be prejudiced by an extension of the discovery period because "Defendants' would suffer avoidable legal fees associated with any redrafting or revisions [of Defendants' Motion for Summary Judgment] necessary after additional discovery." *Id.* at 6.

Plaintiff, in his reply, reasserts the arguments delineated in his motion, and contends that he has satisfied the requisite showing of good cause, articulated by this court in *Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000). Plaintiff's Reply at 5-10.

---

[3] Plaintiff seeks to depose the following individuals: Defendant Sarah Donegan, Defendant Darryl Varnado, Defendant Ursula Tachie-Menson, Defendant Zandra Russell; Defendant Kurt Newman; current Children's National Medical Center ("CNMC") employees Henry Choi, Yolanda Dyson, and Keith McGlen (Chief of Security); and CNMC's corporate designee. Plaintiff's Motion at 1.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides for modification of a scheduling order upon a showing of "good cause" and the consent of the court. To determine whether a litigant has established a sufficient showing of "good cause[,]" the court must consider: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence." *Childers*, 197 F.R.D. at 188. Of these factors, "the primary factor in determining whether good cause exists is the diligence of the party[.]" *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013).

## DISCUSSION

Plaintiff requests that this court reopen discovery proceedings, pursuant to Fed. R. Civ. P. 16(b), for 45 days, to allow him to depose nine witnesses, including five individual Defendants, three employees of CNMC and a 30(b)(6) designee of CNMC. Plaintiff's Motion at 1. In his attempt to demonstrate good cause, Plaintiff points to his counsel's lack of diligence as the reason for his failure to take depositions, and to preserve his discovery disputes, within the scheduled discovery period. Further, Plaintiff asserts that upon learning of his counsel's failure to depose any witnesses in accordance with the original litigation strategy, he discharged his counsel, ordered the transcript of the status hearing and filed the pending motion to rectify his counsel's deficiencies.

The balance of the six factors enumerated by this court in *Childers* weighs in Plaintiff's favor. As to the first prong, there is no evidence of the immediacy of trial. No trial date has been set and this motion reflects Plaintiff's first request for an extension of the discovery period, made within two weeks of the filing of the transcript of the post-discovery status conference and the day after he resumed his self-representation. *See United States v. Sci. Applications Int'l Corp.*, 301 F.R.D. 1, 4 (D.D.C. 2013) ("The trial is not imminent because no [] trial date has been set."). As to the second prong, the undersigned has taken into account that Plaintiff's motion to reopen discovery is clearly objected to by Defendants.

The undersigned, however, finds the principal ground of Defendants' opposition—potential prejudice—unpersuasive. At the status hearing before the undersigned, the only prejudice hypothesized by Defendants' counsel was that the reopening of discovery would result in the expenditure of additional effort and time by counsel to edit and revise Defendants' motion for summary judgment, which according to Defendants' counsel, was near completion. The undersigned perceives no inordinate imposition, let alone any prejudicial effect, which would result from the customary obligation of retained counsel to amend motions and memoranda in accordance with any court order. Unlike a request to amend to add additional parties or claims, or to attempt to depose witnesses unknown to the non-movant, here Defendants were on notice of Plaintiff's intent to take depositions at the outset of the discovery proceedings and the testimony sought is relevant, if not integral, to Plaintiff's claims. Defendants cite no authority in support of the proposition that the need to edit a memorandum constitutes a showing of prejudice sufficient to defeat a motion to reopen discovery.

The court's fourth and principal consideration is whether Plaintiff was diligent in his attempts to obtain the desired information and preserve his disputes within the discovery period

allocated by the court. Relying primarily on *Hussain v. Nicholson*, 435 F.3d 359, 364 (D.C. Cir. 2006), Defendants argue that the lack of diligence exhibited by Plaintiff's retained counsel is equally attributable to Plaintiff, and thus Plaintiff is not entitled to an extension of time to conduct depositions. *See* Defendants' Opposition at 3. The facts warranting the denial of reopening in *Hussain*, however, are distinguishable from those present in the instant case. In *Hussain*, the plaintiff moved to reopen discovery after the close of discovery *and* after the defendant moved for summary judgment. Here, Plaintiff went beyond the actions of Mr. Hussain who simply complained of his counsel's lack of diligence after the fact; and sought to order the transcript of the post-discovery status conference at which his lawyer represented that discovery was largely concluded, resumed his pro se status, and filed the pending motion. The court is unaware of how Plaintiff's conduct could be described as anything less than diligent. While in *Hussain*, the district court did attribute the shortcomings of Mr. Hussain's counsel during discovery to him as the client, the thrust of the court's consideration rested equally on the fact that the plaintiff "had not been completely deprived of discovery" and had conducted "lengthy depositions" at the administrative level. *Id.* at 363 (citing *Hussain v. Principi*, 344 F. Supp. 2d 86, 93 (D.D.C. 2004), *aff'd sub nom. Hussain v. Nicholson*, 435 F.3d 359 (D.C. Cir. 2006)). Here, the record is devoid of evidence indicating that Plaintiff received any discovery from the Defendants, with the exception of initial disclosures and the few admissions which were not objected to by defense counsel.

Upon consideration of the final two prongs, the undersigned finds that the opportunity to take depositions, and to seek a resolution of the discovery disputes, is crucial to Plaintiff's ability to substantiate his claims of discrimination. Were the undersigned to deny Plaintiff's request for a relatively brief extension of the discovery period, Plaintiff would be dramatically disadvantaged at the summary judgment stage of the proceedings, having attained little to no discovery.

Furthermore, the undersigned finds that a denial of Plaintiff's motion at this stage of the proceedings would simply occasion the filing by Plaintiff of a motion to reopen discovery, pursuant to Federal Rule of Civil Procedure 56(f), after Defendants file their motion for summary judgment, ultimately prolonging the litigation process, and perhaps, increasing the likelihood that all parties would incur additional costs and expend additional time on this matter.

**CONCLUSION**

For all of the foregoing reasons, it is, this 4th day of May, 2017,

**ORDERED** that Plaintiff's Motion (ECF No. 34) is hereby granted in part and it is;

**FURTHER ORDERED** that the discovery period is extended to and including Friday, June 16, 2017, to allow Plaintiff to take up to five depositions; and it is;

**FURTHER ORDERED** that all motions to compel with respect to the discovery conducted to date shall be filed by no later than Monday, May 15, 2017, and that oppositions and replied shall be filed in the time prescribed by the Local Rules; and it is

**FURTHER ORDERED** that a post-discovery status conference is scheduled for 2:00 p.m. on Monday, June 19, 2017; and it is;

**FURTHER ORDERED** that the stay of the deadline for the filing of dispositive motions is extended through Monday, June 19, 2017.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge